Robinson, J.
 

 While the contract covers the subject of support, dower, inheritance, distribution, allowance for year’s support, a right to remain in the mansion house, and all other rights or claims whatsoever, whether now owned or hereafter to be acquired, that portion of the contract which relates to the right of the husband to inherit the real estate of his deceased wife is the only portion of the contract involved in this cause, and it may be here conceded that the terms of the contract are sufficiently comprehensive to exclude the husband from inheriting the real estate in controversy in this cause if at the time of the execution of the
 
 *379
 
 contract lie had any right thereto in being which eonld be the subject-matter of a release.
 

 Counsel for plaintiff in error earnestly contend that Section 7999, General Code, specially empowers husband and wife to enter into a contract of this character, and that Section 8000, General Code, and the decision of this court in the case of
 
 Dubois
 
 v.
 
 Coen, Exr.,
 
 100 Ohio St., 17, 125 N. E., 121, in no way limit such right, with all of which this court does not find it necessary in the decision of this case to disagree, for the reason that Section 7999, General Code, unrestricted and unqualified by any other statute or interpretation by this court, does not purport to give to husband or wife any greater power to contract with each other than persons other than husband and wife possess.
 

 For the purposes of this case, then, the contract between the defendant in error and Elizabeth Sigmund may be given the force and effect which it would be given were it a contract with reference to inheritance between persons other than husband and wife.
 

 It must be conceded that under Section 8574, General Code, the husband of a deceased wife, in the absence of children of such deceased wife, or their legal representatives, is the heir to the non-ancestral real estate of the deceased wife to the exclusion of the legal representatives of the brothers and sisters, and that unless the rule declared in the case of
 
 Needles, Exr.,
 
 v.
 
 Needles,
 
 7 Ohio St.. 432, 70 Am. Dec., 85, that
 
 “a naked possibility,
 
 or a
 
 remote possibility,
 
 cannot be released, for the reason that a release must be founded on a
 
 riabf
 
 
 *380
 

 in being,
 
 either vested or contingent. Consequently, the mere expectancy or chance of succession of an heir apparent to his ancestor’s estate, at his decease, is not the subject-matter of release or assignment at common law,” which was declared to be the settled law of the state at the date of that decision, and which has been consistently adhered to by this court and inferior courts ever since, is at this late day to be overruled, the judgment of the Court of Appeals must be affirmed, not because of any disability which existed between the contracting parties by reason of the marital relation, but because of the fact that defendant in error had no contingent or vested right, as an heir, to the property of the decedent at the time the contract attempting to release his hope or expectancy of inheritance was entered into, such expectancy or hope being subject to realization only in the event that the decedent in her lifetime would not alienate the property by deed, and require his assent thereto under the terms of the contract, or would not make disposition thereof by will. He, having been made the heir by statute, was in identically the same situation as were the children of Philemon Needles, who, in consideration of the receipt of various sums of money from him, gave a receipt in full of all claims they could have against his estate as heirs, and bound themselves not to set up any further claim thereto, with reference to which this court held:
 

 “Such agreement can impose no binding obligation, inasmuch as the estate of a deceased person must pass, either by devise or descent, and the operation of the laws of the state, in this respect,
 
 *381
 
 cannot be defeated by any kind of executory contracts, made to control tbe distribution, of a man’s estate after his decease.”
 

 In the instant case the decedent died intestate. Her estate, therefore, could not pass by devise and had to pass by descent. The Legislature provided, the course of descent. During her lifetime she had the absolute right to bestow the property by will upon the defendant in error, the plaintiff in error, or a stranger. ¡She did not exercise that right. Courts are powerless to exercise it for her.
 

 An extended discussion of the wisdom and logic of the case of
 
 Needles
 
 v.
 
 Needles, supra,
 
 is not necessary, nor would it be helpful, for the reason that when a principle has become a rule of property, and has become the settled law of the state, and no reason for its repudiation has, or can be, presented, which did not exist against the declaration of the principle at the time of its pronouncement, courts will not unsettle the law by overruling the case which announced the principle and the many cases which have followed it, especially where they relate to a rule which the legislative branch of the state is empowered by appropriate legislation to change.
 

 A court in pronouncing a judgment overruling a principle so well settled as the principle announced in- the case of
 
 Needles
 
 v.
 
 Needles,
 
 supra, would be substituting its notion of what the law ought to be in the place and stead of what it knows the law is and theretofore has been. By such a course, the continuity, certainty, and stability of the law would be destroyed, and human rights would no longer be such by law, but would be such
 
 *382
 
 by the will of the particular individuals who by the favor of the public happen at the time to be occupying the position of judges.
 

 Touching the claim of the plaintiff in error that the defendant in error is estopped by reason of the contract from receiving the property in controversy, which the statute casts upon him as an inheritance, it is sufficient to say that no ground of estoppel is presented by this case which was not presented in the case of
 
 Needles
 
 v.
 
 Needles, supra,
 
 and it does not appear to any degree in this case that the contract was entered into by Elizabeth Sigmund for the benefit of the plaintiff in error, or that the plaintiff in error has in any degree altered her situation by reason thereof. On the contrary, the fact that Elizabeth Sigmund did not dispose of the property by last will and testament in favor of the plaintiff in error may, in view of the numerous decisions of this court, as logically be argued to indicate a purpose on her part that the defendant in error should inherit as to indicate that she relied upon a provision in the contract of a character which had been void by law during all the years of her life, and which she. therefore, was presumed to know.
 

 The judgment of the Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias and Day, JJ., concur.
 

 Marshall, C. J., Wanamaker and Allen, JJ., dissent.